# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
## (Northern Division)

| | |
|---|---|
| **LISA MASSON D/B/A**<br>**LISA MASSON PHOTOGRAPHY**<br><br>           PLAINTIFF<br><br>v.<br><br>**PRIZER-PAINTER STOVE WORKS, INC.**<br><br>           DEFENDANT. | CASE NO.: 1:13-cv-3295-GLR |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S
## MEMORANDUM OF LAW REGARDING THE REQUIREMENTS
## UNDER FEDERAL RULE OF CIVIL PROCEDURE 19(a)(1)(B)

In accordance with the Court's March 11, 2014 Letter Order, Defendant Prizer-Painter Stove Works, Inc. ("Prizer") hereby respectfully submits this Response to the Memorandum of Law Regarding the Requirements Under Federal Rule of Civil Procedure 19(a)(1)(B) (the "Brief") filed by Plaintiff Lisa Masson d/b/a Lisa Masson Photography ("Plaintiff").

## I. INTRODUCTION

Plaintiff's Brief does nothing to further illuminate the issues raised in Prizer's Motion to Dismiss for Failure to Join Indispensable Parties (the "Motion to Dismiss"). Instead, Plaintiff's Brief serves only to confuse the issues by: (A) attempting to rebut an argument that Prizer never made; (B) answering a question that this Court never asked; (C) premising its arguments on inaccurate information regarding the underlying facts of this case; and (D) making odd comparisons to artwork and hypothetical photographs that have nothing to do with this matter. For these reasons, and as explained more fully below, this Court should disregard Plaintiff's Brief in its entirety and grant Prizer's Motion to Dismiss.

II.  **ARGUMENT**

   A. **Plaintiff's Brief Should Be Disregarded Because It Attempts To Rebut An Argument That Prizer Did Not Make.**

This Court should disregard Plaintiff's Brief because it is founded upon a wholly unsupported premise: that Prizer argued that the parties whose intellectual property is depicted in certain photographs (the "Photographs"), including Sub-Zero, Inc., Wolf Appliance, Inc. and The Fretz Corporation (referred to herein collectively as the "Absent Parties"), <u>must be made aware</u> of this litigation before the Court can decide whether Prizer's Motion to Dismiss can be granted.[1]  Prizer has never made such an argument.

Instead, citing the plain language of Fed. R. Civ. P. 19(a)(1)(A), Prizer contended in its original Motion to Dismiss that the Absent Parties are necessary because the Court cannot accord complete relief among the existing parties without the Absent Parties' joinder.  *See* Motion to Dismiss, at 3, 5.  In response, Plaintiff argued in her Brief in Opposition that the Court should deny Prizer's Motion to Dismiss because none of the Absent Parties has claimed an interest in this matter pursuant to Fed. R. Civ. P. 19(a)(1)(B).  *See* Brief in Opposition, at 8-9.  Prizer pointed out in its Reply Brief, however, that this argument is a red herring for two reasons: (1) this Court cannot accord complete relief among the existing parties without the Absent Parties' joinder under Fed. R. Civ. P. 19(a)(1)(A); and (2) in that there is no indication that the Absent Parties are even aware of this action, their "failure" to assert an interest in this case cannot be cited as proof that they are unnecessary.  *See* Reply, at 5-6.  <u>Nowhere</u> did Prizer argue that the Absent Parties must be notified regarding this litigation in order for this Court to decide Prizer's

---

[1] *See* Plaintiff's Brief at 1-2. Here, Plaintiff states that Prizer "asserts an unsupported allegation in its reply brief suggesting that Plaintiff must demonstrate to the Court that [the Absent Parties] are aware of this litigation before the Court can decide whether these entities are necessary parties," and that "there is no requirement to notify absent parties of the lawsuit" under Rule 19.  Prizer has never made, nor even suggested, such an allegation.

2

Motion to Dismiss. Plaintiff's most recent submission to this Court presents nothing but a straw man, and her Brief is largely devoted to knocking this straw man down.

### B. Plaintiff's Brief Should Be Disregarded Because It Does Not Answer The Question The Court Asked.

Moreover, Plaintiff's arguments do not answer the question this Court specifically asked Plaintiff to research and brief in its March 11, 2014 Letter Order. The question this Court asked is whether the Absent Parties must "be cognizant" of the pending litigation to claim an interest in the case under Fed. R. Civ. P. 19(a)(1)(B). *See* Letter Order, ECF No. 13 (emphasis added). There is a notable distinction between the Court's question and the question Plaintiff decided to answer – *i.e.*, whether the Absent Parties must be notified of the instant litigation. The answer to the Court's question is a resounding "yes," which is likely the reason that Plaintiff decided not to answer it. The Rule implicitly requires that a party claiming an interest under Fed. R. Civ. P. 19(a)(1)(B) be aware of the litigation before it can claim an interest in the litigation. Indeed, from a logical perspective, it is difficult to conceive of how a party can claim an interest in something of which it is unaware.

Significantly, most of the cases Plaintiff cites in her Brief actually support this proposition. *See U.S. v. Bowen*, 172 F.3d 682, 698 (9th Cir. 1999) (finding that the absent party was not necessary where it "**was aware** of this action and chose not to claim an interest") (emphasis added); *Davis Companies v. Emerald Casino, Inc.*, 268 F.3d 477, 483-84 (7th Cir. 2001) (finding that the absent party was not necessary where it specifically "**denies** an interest relating to the subject matter of this lawsuit") (emphasis added); *Riesett v. Mayor and City of Council of Baltimore*, 2013 WL 5276553, at *3 (D. Md. Sept. 18, 2013) (citing *Heinrich v. Goodyear Tire & Rubber Co.*, 532 F. Supp. 1348, 1359-60 (D. Md. 1982) for the proposition that a party is not necessary where it "**has stated** that it **has no interest** in the subject matter of this

3

litigation") (emphasis added); *Sheevam v. Patel*, 2009 WL 4430738, at *4 (E.D. Mo. Nov. 25, 2009) (noting that "**if a party is aware** of an action and chooses not to claim an interest, the district court does not err by holding that joinder is unnecessary," and finding that the absent party at issue in that case "**must be aware** of this lawsuit") (emphasis added) (internal citations and punctuation omitted). It is odd, to say the least, that Plaintiff failed to acknowledge in her Brief these relevant passages in the cases she cited, given that the Court specifically inquired on this exact point.

The simple fact is that a party cannot claim an interest in pending litigation under Fed. R. Civ. P. 19(a)(1)(B) unless that party is aware of the litigation. Plaintiff cannot obscure this fact by trying to rebut arguments that Prizer did not make and by responding to a different question than the one this Court asked. For these reasons, this Court should disregard Plaintiff's Brief in its entirety.

### C. Plaintiff's Brief Should Be Disregarded Because It Is Based On Inaccurate Information.

Plaintiff's Brief also must be disregarded because it is based on the assertion that this is a straightforward copyright case involving only Plaintiff and Prizer, and that Prizer's Motion to Dismiss is based merely on "hypothetical" fears that the Absent Parties may assert claims against Prizer based on the Photographs. *See* Plaintiff's Brief, at 3, 6. Plaintiff's assertion is wrong and completely disregards the undisputed facts underlying this case.

This case arose only after Plaintiff sought unsuccessfully – not once, but twice – to license Photographs to Prizer that depict the intellectual property of the Absent Parties. As set forth in Prizer's Reply Brief, these license negotiations broke down after Plaintiff rejected Prizer's requirement that Plaintiff agree to defend and indemnify Prizer from any potential claims based upon the third party-owned trademarks that are contained in the Photographs. *See*

4

Reply, at 4-5.  Obviously, if Plaintiff were completely confident that none of the Absent Parties could claim any interest in the Photographs, then Plaintiff would have readily agreed to indemnify Prizer.  Yet, Plaintiff refused to do so.  Plaintiff's past conduct demonstrates that Prizer's concerns regarding the Absent Parties' rights in the Photographs are far from "hypothetical" and, in fact, are concerns that Plaintiff herself shares.  Because Plaintiff's Brief is based upon notions that ignore the underlying facts of this case, this Court should disregard Plaintiff's Brief.

> **D.** **Plaintiff's Irrelevant Comparisons Should Be Ignored.**

This Court also should ignore Plaintiff's curious attempts to compare the Photographs at issue in this case to Andy Warhol's paintings of a Campbell's soup can and a photograph of Times Square that depicts the trademarks of others.  *See* Plaintiff's Brief at n. 1-3.  These comparisons are inapt for several reasons.  First, unlike Andy Warhol's paintings and a generic photograph of Times Square, the Photographs in this case were specifically commissioned as <u>promotional</u> works for the products depicted in the Photographs.  In other words, the whole purpose of the Photographs was and is to sell the products and services featured therein using the intellectual property of the Absent Parties.  There can be little doubt that this commercial purpose implicates the rights of the brand owners of the products featured in the Photographs in a way that purely artistic or documentary works – such as the Andy Warhol painting and the generic photograph of Times Square – do not.

Moreover, as noted above, this case arose only after Plaintiff attempted to <u>license</u> the Photographs to Prizer for her own commercial gain.  There is no indication in Plaintiff's Brief that Andy Warhol similarly attempted to license the use of his paintings to a competitor of the Campbell Soup Company, or that the photographer responsible for the hypothetical Times

Square photograph attempted to license the photograph to one of the brand owners whose intellectual property was featured therein.

Although Plaintiff's exact purpose in making these comparisons is unclear, Plaintiff appears to suggest that Prizer's and the Absent Parties' claims to the Photographs may be precluded under the doctrine of Fair Use. *See* Plaintiff's Brief, at n. 1, 3. However, Fair Use is not implicated where, as here, a party deliberately attempts to profit by improperly trading off the goodwill associated with another party's trademarks and trade dress, or by creating a false association between the party and the owner of the trademark owner or trade dress, where no such association exists. *See* 15 U.S.C. §§ 1114, 1125.

As Plaintiff herself acknowledges in her Brief, "[t]he Photographs give the photographer no rights over the brands." *See* Plaintiff's Brief, at n. 3. Prizer agrees wholeheartedly. Plaintiff's analysis on this point is dead on. That is, in fact, the very point presented to this Court in Prizer's Motion to Dismiss, and it is for this precise reason that the Absent Parties whose intellectual property is featured in the Photographs are required parties under Fed. R. Civ. P. 19. In short, because Plaintiff has no rights to the Absent Parties' trademarks that are featured in the Photographs, a complete adjudication of rights as to the Photographs – including Plaintiff's claimed unfettered right to license those Photographs for her own commercial gain – will not be possible unless the Absent Parties are joined. Because the Absent Parties are necessary and indispensible parties to the instant action, a dismissal is appropriate. *See* Fed. R. Civ. P. 19(a)(1)(A), 19(b).

**III. CONCLUSION**

For the reasons set forth above, this Court should disregard Plaintiff's latest submission in its entirety and grant Prizer's Motion to Dismiss.


Dated: April 8, 2014                                     Respectfully submitted,


/Christopher N. Thatch/
Christopher N. Thatch (Bar No. 29097)
JONES DAY
51 Louisiana Ave., NW
Washington, DC 20001-2113
Telephone: (202) 879-3939
Facsimile: (202) 626-1700
Email: cthatch@jonesday.com

Timothy P. Fraelich
Mary Alexander Hyde
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
tfraelich@jonesday.com
malexanderhyde@jonesday.com

*Attorneys for Defendant Prizer-Painter Stove Works, Inc.*

## CERTIFICATE OF SERVICE

      I hereby certify that on April 8, 2014, a copy of the foregoing Response to Plaintiff's Memorandum of Law Regarding the Requirements Under Federal Rule of Civil Procedure 19(a)(1)(B) was furnished via the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

      /Christopher N. Thatch/
*Attorney for Defendant*