UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
**GEORGE L. RUSSELL, III**
United States District Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-4055

April 24, 2014

MEMORANDUM TO COUNSEL RE:    Lisa Masson d/b/a Lisa Masson Photography v.
Prizer-Painter Stove Works, Inc.
Civil Action No. GLR-13-3295

Dear Counsel:

Pending before the Court is Defendant Prizer-Painter Stove Works, Inc.'s ("Prizer") Motion to Dismiss for Failure to Join Indispensable Parties. (ECF No. 10). The Court, having reviewed the pleadings and supporting documents, finds no hearing necessary. See Local Rule 105.6 (D.Md. 2011). For the reasons that follow, Prizer's Motion will be denied.

This matter arises out of Prizer's alleged infringement of Plaintiff Lisa Masson's, d/b/a Lisa Masson Photography ("Masson"), copyrighted photographs of kitchen showrooms displaying, among other things, Prizer products. In August 2003, The Fretz Corporation ("Fretz"), a distributor of kitchen appliances, hired Masson to photograph its kitchen showrooms for use on the Fretz website. Although Masson licensed the photographs to Fretz for its sole use while reserving all rights in the photographs, including copyrights, Prizer allegedly published the photographs on its website and Facebook page. Moreover, Prizer allegedly modified Masson's photographs and forwarded them to various media sources to showcase and promote its products.

After informing Prizer of its infringement and attempting to have Prizer sign a license agreement for use of the photographs to no avail, Masson filed suit against Prizer for copyright infringement on November 6, 2013. (ECF No. 1). Prizer moves to dismiss Masson's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(7) for failure to join indispensable parties under Rule 19. According to Prizer, Masson's photographs feature images of trademarks, trade dress, and product designs owned by entities that should be made party to this action, including Sub-Zero, Inc. ("Sub-Zero"), Wolf Appliance, Inc. ("Wolf"), and Fretz.

Rule 12(b)(7) motions require a two-step inquiry. First, the court must determine "whether a party is necessary to a proceeding because of its relationship to the matter under consideration pursuant to Rule 19(a)." Owens-Ill., Inc. v. Meade, 186 F.3d 435, 440 (4th Cir. 1999) (quoting Teamsters Local Union No. 171 v. Keal Driveaway Co., 173 F.3d 915, 917-18 (4th Cir. 1999)) (internal quotation marks omitted). If the absent party is necessary, it must be ordered into the action so long as joinder does not destroy the court's jurisdiction. Id. Second, "[w]hen a party cannot be joined because its joinder destroys diversity, the court must determine whether the proceeding can continue in its absence, or whether it is indispensable pursuant to Rule 19(b) and the action must be dismissed." Id. Although Rule 12(b)(7) permits dismissal, "[c]ourts are loath to dismiss cases based on nonjoinder of a party, so dismissal will be ordered only when the resulting defect cannot be

remedied and prejudice or inefficiency will certainly result." Id. at 441; see also Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Rite Aid of S.C., Inc., 210 F.3d 246, 250 (4th Cir. 2000) ("Dismissal of a case [for nonjoinder] is a drastic remedy . . . which should be employed only sparingly." (quoting Teamsters, 173 F.3d at 918)). Moreover, the burden is on the moving party to "show that the [entity] who was not joined is needed for a just adjudication." Am. Gen. Life & Accident Ins. Co. v. Wood, 429 F.3d 83, 92 (4th Cir. 2005) (quoting 7 Charles Alan Wright, et al., Federal Practice and Procedure § 1609 (3d ed. 2001)) (internal quotation marks omitted).

A party is necessary under Rule 19(a) if "the court cannot accord complete relief among existing parties" without the absent party, or the absent party "claims an interest relating to the subject of the action and is so situated that disposing of the action in the [party's] absence may either (i) "impede the person's ability to protect the interest" or (ii) subject the current parties "to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations." Fed.R.Civ.P. 19(a)(1).

The absent parties are not required to be joined under Rule 19(a)(1)(A). Complete relief "refers to relief as between the persons already parties, not as between a party and the absent person whose joinder is sought." Heinrich v. Goodyear Tire & Rubber Co., 532 F.Supp. 1348, 1359 (D.Md. 1982) (citation omitted). Therefore, the Court looks only to the claims and parties before it in determining whether complete relief can be accorded without the absent party. Here, Masson challenges Prizer's infringement of her copyrighted photographs in violation of Masson's exclusive rights under the Copyright Act of 1976, as amended, 17 U.S.C. §§ 106, 501 (2012). Prizer mistakenly believes that Masson's images of protected products somehow automatically divests her of copyright protection. Although the subject photographs may capture images of product designs owned by Sub-Zero, Wolf, and Fretz, the primary focus of copyright actions involving photographs like Masson's is whether the photographer's originality, such as staging and lighting, is sufficient enough to render the subject photograph eligible for copyright protection. See, e.g., Schrock v. Learning Curve Int'l, Inc., 586 F.3d 513, 517-22 (7th Cir. 2009); Ets-Hokin v. Skyy Spirits, Inc., 225 F.3d 1068, 1073-77 (9th Cir. 2000); SHL Imaging, Inc. v. Artisan House, Inc., 117 F.Supp.2d 301, 306-11 (S.D.N.Y. 2000). Stated differently, the only issue before the Court is whether Prizer infringed upon Masson's copyrights by publishing and modifying her photographs without a license. The Court can sufficiently resolve this issue without adding Sub-Zero, Wolf, or Fretz because the infringement involves Prizer's use of Masson's photographs, not the items captured within them.

Moreover, the absent parties are not required to be joined under Rule 19(a)(1)(B). While the parties disagree on whether the absent parties must be cognizant of the pending litigation to claim an interest under this section, there is no indication that Sub-Zero, Wolf, or Fretz are so situated that proceeding in their absence may "impair or impede [their] ability to protect" any claimed interest or leave Prizer "subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations." See Fed.R.Civ.P. 19(a)(1)(B). As a preliminary matter, Fretz is not an indispensable party because it hired Masson to take the photographs and then entered into a licensing agreement with Masson permitting her to reserve all rights in the photographs. (See Compl. ¶¶ 4,6). It logically follows, then, that Fretz would not have entered into the licensing agreement if it wanted to claim an

2

interest in the photographs or otherwise challenge Masson's copyrights.

Furthermore, as mentioned <u>supra</u>, the subject of the current litigation is Prizer's alleged infringement of Masson's copyrighted photographs.  The mere presence of Sub-Zero and Wolf's intellectual property in Masson's photographs does not automatically render them co-owners or co-authors of the photographs.  Indeed, the only question before the Court is whether Prizer infringed on Masson's copyrights, not whether Masson infringed on a party's trademarks.  As a result, joinder is not necessary at this juncture.  <u>See</u> <u>Wales Indus. Inc. v. Hasbro Bradley, Inc.</u>, 612 F.Supp. 510, 517 (S.D.N.Y. 1985) (stating joinder "should not be required if the only issue is whether the defendant engaged in unlawful copying"), <u>overruled on other grounds by</u> <u>Hasbro Bradley, Inc. v. Sparkle Toys, Inc.</u>, 780 F.2d 189 (2d Cir. 1985).  Similarly, there is no indication that Prizer would be subject to multiple suits on this issue if the absent parties are not joined.

Accordingly, Prizer's Motion to Dismiss for Failure to Join Indispensable Parties (ECF No. 10) is DENIED.

Despite the informal nature of this memorandum, it shall constitute an Order of this Court, and the Clerk is directed to docket it accordingly.

Very truly yours,

/s/

_____
George L. Russell, III
United States District Judge

3